UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J. REYNA, SR.,

    Plaintiff,

    v.                                                 Case No. 18-C-1758

JAY KLEMANN,
JILL ELLIS,
MICHELLE DAVIS,
SCOTT WOLD,
JUDGE MARK SLATE,
JUDGE BISSETT,
SGT. DURRANT,
BARBARA KEY, and
JOHN F. MATZ,

    Defendants.

## ORDER

Plaintiff Richard J. Reyna, Sr., who is currently incarcerated at Winnebago County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Reyna's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Reyna has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Reyna has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing

fee of $46.56. On December 6, 2018, Reyna filed a letter with the court showing that he lacks the funds to pay the initial partial filing fee. Therefore, the court grants Reyna's motion for leave to proceed without prepaying the filing fee and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

Reyna's rambling 24-page complaint names nine defendants and asserts a variety of alleged injustices that occurred over a four-year period. Reyna's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure because it does not include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations are unclear as to who did what, when, and what happened as a result. Where multiple claims are asserted, a complaint is required to list each claim separately and set forth thereunder, in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially give rise to personal liability on the part of a defendant and warrant requiring that he or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond").

It also appears Reyna is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule

3

20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The court finds that the complaint violates Rules 8, 18, and 20. The *George* court instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, the court will strike the original complaint submitted on November 6, 2018. If Reyna wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **January 9, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Reyna is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Reyna is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to

actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Reyna must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that Reyna's motion for leave to proceed without prepaying the full filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on November 6, 2018 is **STRICKEN**.

**IT IS FURTHER ORDERED** that Reyna is directed to file an amended complaint on or before **January 9, 2019**, curing the defects in the original complaint as described herein. If Reyna does not file an amended complaint by January 9, 2019, this action will be dismissed for Reyna's failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Reyna's prison trust account in an amount equal to 20% of the preceding month's income credited to Reyna's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Reyna is transferred to another institution, the transferring institution shall forward a copy of this Order along with Reyna's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this Order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that Reyna shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Reyna is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this  10th  day of December, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court