UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J. REYNA, SR.,

        Plaintiff,

v.                                                                      Case No. 18-C-1758

JAY KLEMANN, et al.,

        Defendants.

## ORDER

Plaintiff Richard Reyna, Sr., who is currently incarcerated at Winnebago County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On December 21, 2018, Plaintiff filed a letter with the court regarding what he believes was the improper collection of the initial partial filing fee. In this letter, Plaintiff indicates that he chose to voluntarily dismiss his complaint but the court collected the $46.56 anyway, "denied [him] any action, put a strike against [him], and did not answer any issues." ECF No. 15 at 1.

What Plaintiff fails to mention, however, is that he wrote the court on December 6, 2018, indicating that he did not have enough money in his account to pay the initial partial filing fee but wanted to proceed with the case. ECF No. 11-1. In other words, Plaintiff notified the court within 21 days that he *did* wish to prosecute his case. At that point, the court granted Plaintiff's motion to proceed without prepayment of the filing fee, waived the initial partial filing fee, noted that Plaintiff would pay the filing fee over time, and screened the complaint. The court dismissed the complaint and directed Plaintiff to file an amended complaint on or before January 9, 2019. Plaintiff cannot ask to proceed with the case and then change his mind and ask for a refund of the initial

partial filing fee after the court strikes the original complaint for failure to comply with the Federal Rules of Civil Procedure. The time for a plaintiff to decide whether he wishes to proceed with his case is before he asks the court to allow him to proceed.

Even though the court struck Plaintiff's original complaint, it directed Plaintiff to file an amended complaint that complies with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure and cures the defects in the original complaint. As the court noted, Plaintiff's amended complaint must list each claim separately and set forth thereunder, in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially give rise to personal liability on the part of a defendant and warrant requiring that he or she respond to a federal lawsuit. In addition, Plaintiff cannot assert unrelated claims against different defendants. If Plaintiff wishes to proceed with this action, he must file an amended complaint on or before January 9, 2019.

**SO ORDERED** this   27th   day of December, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court